# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>XOOM ENERGY LLC,<br><br>      Defendant. | Case No. 3:21-cv-117<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. In violation of the TCPA, Xoom Energy LLC ("Xoom") made a pre-recorded telemarketing call to a residential telephone number of Mr. Perrong for the purposes of advertising Xoom energy services, which is prohibited by the TCPA.

3. The Plaintiff never consented to receive the call, which was placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Andrew Perrong is an individual.

6. Defendant XOOM Energy LLC is a limited liability company that was formed under the laws of the State of Delaware, with its principal place of business located in Huntersville, North Carolina. The Defendant has a Registered Agent of CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, NC 27615.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. Xoom is a resident of this District and as a result is subject to personal jurisdiction in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the solicitation operations of Xoom occur in this District, because the documents sent to the Plaintiff state that

any correspondence should be directed to this District, and because the Defendant resides in this District.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." *See* 47 U.S.C. § 227(b)(1)(B).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. [] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service. []"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

15. Xoom, through its family of companies, is a retail electricity, renewable and natural gas provider in over 90 deregulated markets across the U.S.

16. To generate business for its services, Xoom relies on telemarketing.

17. One of Xoom's strategies for telemarketing involves the use of pre-recorded messages to solicit business.

18. Xoom engages the use of this equipment and technology because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives only talk to individuals who pick up the telephone.

19. Through this method, Xoom shifts the burden of wasted time to the consumers it calls with unsolicited messages.

<u>The Call to Mr. Perrong</u>

20. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number is (215) 322-XXXX.

22. That is a residential telephone number for Mr. Perrong.

23. The number is not associated with any business.

24. Mr. Perrong has listed that number on the National Do Not Call Registry on November 12, 2018 and has remained in the Registry since that time.

25. Mr. Perrong has listed that number on the Pennsylvania Do Not Call List. The registration became effective on April 5, 2019 and has remained on the List since that time.

26. The Plaintiff received a pre-recorded call on March 12, 2021.

27. The calls all used a pre-recorded message that promoted energy services and stated:

> "Hello. This is an apology call from your utility company. It has come to our knowledge that you have been paying more than your consumption from previous few month. You will be reimbursed by fifty dollar [sic], along with thirty-five percent discount on your electric and gas bills. Please press 1 to get your reimbursement."

28. The call did not mention the Plaintiff's name and was not personalized in any way, instead using generic terms intended for a mass audience.

29. The company was not identified through their Caller ID or at any point during the pre-recorded message, so the Plaintiff engaged the telemarketer to identify the company.

30. The Plaintiff identified Xoom because the person with whom he spoke confirmed that he would be receiving an email from Xoom Energy with the details of his enrollment.

31. Shortly thereafter, the Plaintiff received a verification email from Xoom reflecting the information provided during the call with confirmation numbers "20210312173530003403" and "20210312173530003405", as well as a "business ID" of 01561959 as a result of the call.

32. The Plaintiff also received multiple prerecorded follow-up calls from Xoom as a result of the illegal telemarketing call.

33. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded.

34. Prior to filing this lawsuit, the Plaintiff wrote to Xoom seeking any evidence of permission to contact him using automated and pre-recorded messages.

35. Xoom did not provide any such evidence.

## Class Action Statement

36. As authorized by Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

37. The Class of persons Plaintiff proposes to represent includes:

> All persons within the United States: (a) to whom Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) using an artificial or prerecorded voice; (d) promoting the Defendant's goods or services; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

38. Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39. The proposed class members are identifiable through phone records and phone number databases.

40. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

41. Plaintiff is a member of the proposed Class.

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

  a. Whether Xoom used pre-recorded messages to send the calls at issue;

  b. Whether the telemarketing calls were placed without obtaining the recipients' valid prior express written consent; and

  c. Whether the Plaintiff and the class members are entitled to statutory damages because of Xoom's actions.

43. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same automated telemarketing process.

44. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Xoom and/or its agents.

46. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

47. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violations of the TCPA, 47 U.S.C. § 227(b)

48. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to a residential telephone line.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, with a pre-recorded message, absent an emergency circumstance, in the future.

52. The Defendant's violations were negligent, willful, or knowing.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, with a pre-recorded message, absent an emergency circumstance, in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Telephone: 919.526.0450
Fax: 919.882.8763
kgwaltney@maginnishoward.com
**Local Civil Rule 83.1 Counsel for Plaintiff**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**
*Subject to Pro Hac Vice Admission*

Dated: March 22, 2021